IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALEJANDRO GARCIA, | § | |
| TDCJ #1126010, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-0775 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent.[1] | § | |

## MEMORANDUM AND ORDER

State inmate Alejandro Garcia has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254 to challenge a felony conviction. The respondent has filed an answer, arguing that Garcia is not entitled to relief under § 2254. (Doc. # 18). Garcia has filed a reply. (Doc. # 21). After considering all of the pleadings, the records, and the applicable law, the Court denies the petition for a federal writ of habeas corpus and dismisses this case for reasons that follow.

## I.   BACKGROUND

A state grand jury returned an indictment against Garcia in cause number 918281, which accused him of aggravated assault with a deadly weapon, namely, a knife. A jury in

---

[1] On June 1, 2006, Nathaniel Quarterman replaced the former respondent, Doug Dretke, as Director of the Texas Department of Criminal Justice - Correctional Institutions Division. Thus, under Rule 25(d) of the Federal Rules of Civil Procedure, the Court automatically substitutes Quarterman as the proper respondent in this action.

the 338th District Court of Harris County, Texas, found Garcia guilty as charged.[2]  Garcia

conceded during the punishment phase of the trial that, by committing the charged offense,

he had violated the terms of his probation from a prior felony conviction for assault.  The

State presented evidence that Garcia had as many as six other prior convictions.[3]  The trial

court sentenced Garcia to a twenty-year term of imprisonment.  The trial court also revoked

Garcia's probation from his prior case and imposed a two-year sentence pursuant to a plea

agreement with the State.[4]

On direct appeal, Garcia's counsel filed a brief asking for leave to withdraw pursuant

to *Anders v. California*, 386 U.S. 738 (1967), after concluding that a professional evaluation

of the record revealed no arguable grounds for relief.  Garcia filed a *pro se* appellate brief

raising the following issues:  (1) his trial counsel was ineffective in that he failed to properly

examine the State's evidence or to present evidence on Garcia's behalf; (2) he was denied

---

[2]  For purposes of enhancing punishment, the indictment included an allegation that Garcia intentionally selected the victim, Lorenzo Seals, because of Garcia's "bias and prejudice against a group identified by race, namely, African American."  The State withdrew the enhancement allegation during deliberation after the jury noted that it was unable to reach a unanimous decision on this special issue.  *See Court Reporter's Record*, vol. 6, at 4-5.

[3]  Those included possession of a controlled substance, cause number 785357, June 15, 1998; assault, cause number 973564, August 26, 1997; possession of marijuana, cause number 9735419, August 25, 1997; unlawfully carrying a weapon, cause number 9633048, July 31, 1996; assault, cause number 9615430, April 9, 1996; and criminal mischief, cause number 9615431, April 9, 1996. *See Court Reporter's Record*, vol. 7, State's Exhibit 33, *Stipulation of Evidence*.

[4]  After the aggravated assault charges were filed against Garcia in cause number 918281, the State filed a motion to revoke Garcia's probation, which he had received in May 2000 from the 338th District Court of Harris County, Texas, in cause number 835465.  *See Court Reporter's Record*, vol. 6, at 3-7.

effective assistance of counsel during the time period to file a motion for new trial; and (3)

the trial court erred in not charging the jury with instructions on defense of property.  The

appellate court rejected Garcia's claims and affirmed the conviction.  *See Garcia v. State*,

No. 14-02-00993-CR (Tex. App. — Houston [14th Dist.] Oct. 2, 2003).  In doing so, the

appellate court set out the following findings of fact based on the evidence presented at trial:

> On the day of the offense, [Garcia] and his companions, Eric Esparza and Sonia Watkins, arrived at [Garcia's] apartment to find that it had been burglarized. According to Ms. Watkins, no one was in the apartment at the time of their arrival.  [Garcia] and Esparza then ran toward a parking lot with knives in their hands.  [Garcia] and Esparza approached a group of men in another parking lot, knives in hand, and demanded to know who had burglarized [Garcia's] apartment.

> Lorenzo Seals, the maintenance man for the apartment complex, was working in his office when someone called him to the parking lot to address the disturbance.  When Seals approached [Garcia], he told [Garcia] he was the maintenance man and asked [Garcia] what he could do to help.  [Garcia] then grabbed Seals's shirt and began to drag Seals to his apartment.  Seals released [Garcia's] grasp and accompanied [Garcia] to the apartment. As Seals began to look at the door to determine how the burglars had obtained entry, [Garcia] and Esparza began to hit Seals.  As Seals tried to get away from [Garcia], [Garcia] drew his knife and stabbed Seals in the leg.  Seals then ran out of the apartment and yelled for someone to call an ambulance.  At that time, a police officer arrived and told [Garcia] and Esparza to drop their weapons.  [Garcia] and Esparza did not drop their weapons until other officers arrived and approached them at gunpoint.

*Id.*, slip op. at 2.  Garcia did not appeal further by filing a petition for discretionary review

with the Texas Court of Criminal Appeals.[5]

---

[5]     Garcia's co-defendant, Eric Esparza, was also convicted of aggravated assault, following a separate trial, for which he received a sentence of sixty years' imprisonment.  *See Esparza v. State*, No. 14-02-00684-CR, 2003 WL 21911166 (Tex. App. — Houston [14th Dist.] Aug.
(continued...)

Garcia filed an application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure.  In that application and a supporting memorandum, Garcia raised several overlapping claims.  Garcia complained that the prosecutor engaged in misconduct by sponsoring "false and misleading testimony" from the victim (Lorenzo Seals) and improper "opinion" testimony from a police officer (Officer Steven Running). Garcia also complained that his trial counsel was ineffective for failing to do the following: (1) to object to false testimony by Seals; (2) to object to the opinion offered by Officer Running; (3) to use medical records or to introduce police offense reports to impeach the "contradictory" testimony given by these witnesses; (4) to challenge the credibility of State's witness Sonia Watkins; (5) to request a jury instruction on the defense of "protection of one's own property"; and (6) to file a motion for new trial.  Garcia also complained that his appellate counsel was ineffective for failing to raise an issue on appeal about the complaining witness's "false testimony."  The trial court entered findings of fact and concluded that Garcia was not entitled to a state writ of habeas corpus.  The Texas Court of Criminal Appeals agreed and denied the application without a written order on findings made by the trial court.  *See Ex parte Garcia*, 61,795-01 (Dec. 14, 2005).

Garcia now seeks a federal writ of habeas corpus under 28 U.S.C. § 2254 to challenge his conviction.  The petition and supporting memorandum present the same or similar claims as those raised on state habeas corpus review, although Garcia's federal pleadings do not

---

[5](...continued)
    12, 2003, pet. ref'd).

include a claim of ineffective assistance of appellate counsel. The respondent argues that Garcia is not entitled to relief on any of his claims. Garcia disagrees. The parties' contentions are discussed below under the applicable standard of review.

## II.   <u>STANDARD OF REVIEW</u>

The federal writ of habeas corpus is an extraordinary remedy, which shall not extend to any prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3), 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness"). The pending federal habeas corpus petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997) (holding that the AEDPA applies to those habeas corpus petitions filed after its effective date of April 24, 1996). Embodying the principles of federalism, comity, and finality of judgments, the AEDPA, codified as amended at 28 U.S.C. § 2254(d), "substantially restricts the scope of federal review of state criminal court proceedings." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000), *cert. denied*, 532 U.S. 1067 (2001). Specifically, the AEDPA has "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

5

The provisions of 28 U.S.C. § 2254(d), as amended by the AEDPA, set forth a "highly deferential standard for evaluating state-court rulings, . . . , which demands that state court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (internal citation omitted). The federal habeas corpus standard of review, as amended by the AEDPA, applies to the petitioner's claims as long as they were adjudicated on the merits and not dismissed for procedural reasons. *See Haley v. Cockrell*, 306 F.3d 257, 263 (5th Cir. 2002) (citing *Valdez v. Cockrell*, 274 F.3d 941, 946-48 (5th Cir. 2001)). For claims adjudicated on the merits, the AEDPA's amendments provide that a petitioner is not entitled to relief unless the state court's adjudication:

1.  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2.  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The petitioner's claims were raised before the Texas Court of Criminal Appeals on state habeas corpus review, if at all, where his application was denied without a written order. A denial of relief by the Court of Criminal Appeals serves as an adjudication on the merits of the claim. *See Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir.) (citing *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997)), *cert. denied*, 531 U.S. 849 (2000); *see also Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999) (noting that, under Texas law, a denial of relief rather than a dismissal of the claim by the Court of Criminal

Appeals disposes of the merits of a claim).  Accordingly, the deferential AEDPA standard found in § 2254(d) applies to the pending petition unless otherwise noted below.[6]

Courts are to review pure questions of law and mixed questions of law and fact under § 2254(d)(1).  *See Martin v. Cain*, 246 F.3d 471, 475 (5th Cir.), *cert. denied*, 534 U.S. 885 (2001).  Under the first ("contrary to") clause, a federal district court may grant habeas relief only if the state court decided a case differently from how the United States Supreme Court decided a case on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Under the second ("unreasonable application") clause, a court may grant habeas relief only if the state court correctly divined a legal principle from the Supreme Court's jurisprudence, but misapplied that principle to the facts.  *See id*.  A federal habeas corpus court's inquiry under § 2254(d)(1) is not altered where the state court denies relief without a written opinion.  *See Schaetzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003).  For such a situation, a reviewing court (1) assumes that the state court applied the proper "clearly established Federal law"; and (2) then determines whether its decision was "contrary to" or "an objectively unreasonable application of" that law.  *Id.* (citing *Catalan v. Cockrell*, 315 F.3d 491, 493 & n.3 (5th Cir. 2002)).

---

[6]    If the AEDPA does not apply, for example, pre-AEDPA precedent forecloses habeas corpus relief if any of the following circumstances are present: (1) the claim is barred as a consequence of the petitioner's failure to comply with state procedural rules, *Coleman v. Thompson*, 501 U.S. 722 (1991); (2) the claim seeks retroactive application of a new rule of law to a conviction that was final before the rule was announced, *Teague v. Lane*, 489 U.S. 288 (1989); or (3) the claim asserts trial error that, although of constitutional magnitude, did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).

Section 2254(d)(2) governs pure questions of fact. *See Moore v. Johnson*, 225 F.3d 495, 501, 504 (5th Cir. 2000). Under this subsection, federal courts must give deference to state court findings of fact unless they are based on an unreasonable interpretation of the evidence presented in the state court proceeding. *See Brewer v. Dretke*, 410 F.3d 773, 775 (5th Cir. 2005) (citing *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000) (as modified on denial of rehearing)). In addition, any factual findings made by the state court in deciding a petitioner's claims are presumed correct under 28 U.S.C. § 2254(e)(1), unless the petitioner rebuts those findings with "clear and convincing evidence to the contrary." *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002).

The burden is on the petitioner to show that he is entitled to relief under the highly deferential AEDPA framework. *See DiLosa v. Cain*, 279 F.3d 259, 262 (5th Cir. 2002). The petitioner proceeds *pro se* in this case. Courts construe pleadings filed by *pro se* litigants under a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Under this standard, pleadings filed by a *pro se* litigant are entitled to a liberal construction that affords all reasonable inferences which can be drawn from them. *See id*; *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002). Even under the liberal construction accorded to *pro se* pleadings, the petitioner does not meet his burden to show that he is entitled to relief in this case for reasons discussed in more detail below.

III.   **DISCUSSION**

Liberally construed, Garcia's pleadings raise claims of prosecutorial misconduct and ineffective assistance of counsel.  The respondent suggests that the pleadings could also be construed to raise a challenge to the sufficiency of the evidence.  The Court will consider these claims below, beginning with Garcia's allegations of ineffective assistance of counsel.

## A.     Ineffective Assistance of Counsel

Garcia was represented at his trial by local criminal defense attorney Sanford Melamed.  Garcia complains that his trial counsel was ineffective for: (1) failing to object to false testimony by the complainant; (2) failing to object to unsupported "opinion" testimony given by Officer Running; (3) failing to use medical records or to introduce police offense reports to impeach the "contradictory" testimony given by these witnesses; (4) failing to challenge the credibility of State's witness Sonia Watkins; (5) failing to request a jury instruction on the defense of "protection of one's own property"; and (6) failing to file a motion for new trial.  On state habeas corpus review, Melamed presented a detailed affidavit on these issues.  *See Ex parte Garcia*, No. 61,795-01 at 86-89.  The state habeas corpus court found that Melamed's affidavit was "credible"[7] and further concluded that Garcia failed to

---

[7]     Credibility determinations are fact findings that are entitled to the presumption of correctness found in 28 U.S.C. § 2254(e)(1).  *See Galvan v. Cockrell*, 293 F.3d 760, 764 (5th Cir. 2002); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *see also Pippin v. Dretke*, 434 F.3d 782, 792 (5th Cir. 2005) ("A trial court's credibility determinations made on the basis of conflicting evidence are entitled to a strong presumption of correctness and are 'virtually unreviewable' by the federal courts."), *cert. denied*, — U.S. —, 2006 WL 2795177 (Oct. 2, 2006).  The petitioner has not met his burden of rebutting the credibility determination with clear and convincing evidence as required by § 2254(e)(1).  Accordingly, the state court's credibility determination with respect to defense counsel's affidavit is presumed correct.

demonstrate a show that he was denied effective assistance of counsel. *See id.* at 119 (citing *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (citations omitted)).

To prevail on federal habeas corpus review, the petitioner must demonstrate that the state court's decision was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1). The Supreme Court has recognized that the Sixth Amendment guarantees criminal defendants the effective assistance of counsel at trial. *See Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). To establish ineffective assistance of counsel in violation of the Sixth Amendment, a defendant must satisfy the two-prong test established by *Strickland v. Washington*, 466 U.S. 668 (1984) by demonstrating both of the following: (1) that his counsel's performance was deficient; and (2) that the deficiency prejudiced his defense. Failure to prove either prong of the *Strickland* test will defeat an ineffective-assistance claim. *See Leal v. Dretke*, 428 F.3d 543, 548 (5th Cir. 2005) (citing *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998)).

To establish deficient performance under the *Strickland* test, the petitioner must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Judicial scrutiny of counsel's performance must be "highly deferential," indulging in a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Riley v. Dretke*, 362 F.3d 302, 305 (5th Cir. 2004) (quoting *Strickland*, 466 U.S. at 689), *cert. denied*,

543 U.S. 1056 (2005).  Performance is prejudicial only if, but for counsel's errors, there is a reasonable probability that the final result would have been different and confidence in the reliability of the verdict has been undermined.  *See Strickland*, 466 U.S. at 694; *Leal*, 428 F.3d at 548 (citing *Little v. Johnson*, 162 F.3d 855, 860-61 (5th Cir. 1998)). The petitioner fails to demonstrate that his counsel's performance was deficient or that he was actually prejudiced as a result for reasons discussed in more detail below.

### 1.   "False" Testimony from the Victim

In related claims, Garcia complains that his attorney was deficient for failing to object to "false" testimony by the victim, Lorenzo Seals, and for failing to use medical records to cross-examine this witness or to challenge his credibility.  In particular, Garcia insists that Seals testified falsely at trial that he had been stabbed four times, but that the medical records would have shown that this was not true.  Garcia finds fault with the following testimony from Seals:

PROSECUTOR:    . . . Where did he stab you?  Where on your body did he stab you?

SEALS:    He stabbed me on my right thigh.

PROSECUTOR:    Anywhere else?

SEALS:    And he cut me across my knee.

PROSECUTOR:    OK.  Where did [Garcia's co-defendant] Esparza stab you?

SEALS:    Stabbed me on my chest and on my left thigh.

*Court Reporter's Record*, vol. 5, at 25-26.  Garcia points to medical records showing that Seals was not stabbed in the right thigh, but that he was actually stabbed in the left thigh. *Clerk's Record*, at 29 (describing stab wounds to the left chest, left upper abdomen, right knee, and right upper thigh).  Garcia insists that his attorney was deficient for failing to object to the discrepancy and that he should have used medical records to cross-examine the complainant and impeach his credibility with this "false" testimony.

In his affidavit to the state habeas corpus court, Melamed explains that he was familiar with the victim's medical records and that he decided not to object or cross-examine the witness about this issue because the difference between the testimony and the medical records was not significant:

> Mr. Garcia first claims that I failed to examine the State's evidence related to the complainant's medical records in order to attack his credibility regarding the number of times he was injured.  I can say that I did review the complainant's medical records prior to trial and prior to their introduction in evidence.  After reviewing the appellate record and the medical records for this habeas response, the complainant's testimony was that he was stabbed once in the chest, once in the right knee, once in the left thigh, and once in the right thigh.  The complainant's medical records reflect that the complainant was stabbed in the chest, stabbed in the abdomen, cut across the right knee, and stabbed in the right thigh.  Essentially, the medical records reflected an extra abdominal wound but did not reflect a stab wound to the left thigh.  I do not think that the difference between the medical records and the testimony is significant, especially since the chest would was the more serious since it caused the complainant's lung to collapse.

*See Ex parte Garcia*, No. 61, 795-01 at 86.  The state habeas corpus court found that, based on Melamed's "credible" affidavit, counsel made a "reasonable strategic decision not to

cross-examine the complainant with respect to any inconsistencies between the medical records and . . . the complainant's trial testimony." *Id*. at 119.

Strategic decisions made by counsel during the course of trial are entitled to substantial deference in the hindsight of federal habeas review. *See Strickland*, 466 U.S. at 689 (emphasizing that "[j]udicial scrutiny of counsel's performance must be highly deferential" and that "every effort [must] be made to eliminate the distorting effects of hindsight"). "So long as counsel made an adequate investigation, any strategic decisions made as a result of that investigation fall within the wide range of objectively reasonable professional assistance." *Cotton v. Cockrell*, 343 F.3d 746, 752 (5th Cir. 2003) (citing *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002) (internal citations and quotation marks omitted)), *cert. denied*, 540 U.S. 1186 (2004). "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Cotton*, 343 F.3d at 752-53 (citing *United States v. Jones*, 287 F.3d 325, 331 (5th Cir.) (quoting *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983)), *cert. denied*, 537 U.S. 1018 (2002)).

In this instance, Garcia's counsel conducted an investigation of the victim's medical records and made a conscious decision not to object to a discrepancy between those records and the testimony given at trial about the nature of the complainant's stab wounds. Garcia, who complains that his counsel missed an opportunity to impeach the victim, does not clearly show that the victim testified falsely. Instead, it appears from the record that the victim was merely mistaken. To the extent that Garcia complains that the State should have cleared up

any mistaken or misleading testimony, the record reflects that the prosecutor prompted Seals to show the jury his scars and that Seals obliged by providing additional details about the serious nature of his wounds. *Court Reporter's Record*, vol. 5, at 38-41. In light of the emotional testimony given by the victim about the assault, which is evident on the face of the transcript, an objection to the victim's misstatement may have done more harm than good in the jury's view. Likewise, given the number and severity of the victim's wounds, it is not clear that Garcia's defense would have benefitted from the proposed course of cross-examination. Thus, Garcia fails to show that his counsel's decision was deficient or that his strategy was so ill chosen that the rest of his trial was rendered unfair. Absent a showing that his counsel's performance was deficient, or that he was actually prejudiced as a result, Garcia does not articulate a valid claim for ineffective assistance of counsel on this issue.

> ### 2. "Opinion" Testimony from Officer Running and Failure to Introduce or Cross-Examine with the Burglary Investigation Police Report

> #### a. Deficient Performance

Garcia complains that his attorney was deficient for failing to object to "opinion" testimony given by Houston Police Department ("HPD") Officer Steven Running and for failing to introduce police reports into evidence to challenge the witness's credibility on cross-examination. Specifically, Garcia complains that Officer Running gave improper expert testimony that the victim, Lorenzo Seals, was not the party who broke into Garcia's apartment on the day of the assault, but that "two juveniles" were responsible for burglarizing the residence.

14

Garcia maintains that Seals was the one who burglarized his apartment and that his counsel was deficient for failing to object to the following "expert" opinion by Officer Running about other suspects:

| PROSECUTOR: | Did you learn who burglarized the apartment? |
|---|---|
| RUNNING: | Yes, sir. |
| PROSECUTOR: | Was it Mr. Seals? |
| RUNNING: | No, sir. |
| PROSECUTOR: | Who did burglarize the apartment? |
| RUNNING: | Two juveniles that lived in the same apartment complex. |
| PROSECUTOR: | Okay. How did you learn that? |
| RUNNING: | We had three separate witnesses come forward to tell us that they had actually seen the juveniles breaking into the apartment prior to this incident. |

*Court Reporter's Record*, vol. 5, at 120. Because another officer was reportedly responsible for preparing a police offense report for the burglary investigation, Garcia maintains that Officer Running's "opinion" was not based on "personal knowledge." Garcia contends, therefore, that his counsel was deficient for failing to object on this basis.

In his affidavit to the state habeas corpus court, Melamed stated that he did not object to the testimony for the reason proposed by Garcia because it was not clear that any portion of the officer's testimony was an improper opinion. *See Ex parte Garcia*, No. 61, 795-01 at 88. The record reflects that Melamed objected instead on the grounds that Officer

15

Running's testimony about the two juveniles suspected of burglarizing Garcia's apartment was irrelevant:

|  |  |
|---|---|
| PROSECUTOR: | Okay.  Had you had dealings with these two juveniles before? |
| RUNNING: | Yes, sir. |
| DEFENSE COUNSEL: | Objection, Judge, irrelevant. |
| TRIAL COURT: | That's sustained. |

*Court Reporter's Record*, vol. 5, at 120.  It does not appear that Officer Running's testimony about the juvenile burglary suspects was offered as an "expert" opinion.  An expert qualified by knowledge, skill, experience, training, or education, may offer testimony in the form of an opinion or otherwise "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue[.]"  TEX. R. EVID. 702; *see also* FED. R. EVID. 702 (articulating a similar rule).  Officer Running's testimony about whether there were burglary suspects other than Mr. Seals is not opinion based on technical or specialized knowledge applied after the fact to information as to which he lacked personal knowledge, but instead appears to be based on information he personally acquired and used during the burglary and stabbing investigations.[8]

Garcia has not shown clearly that Officer Running's testimony constituted improperly admitted opinion evidence that was not based on personal knowledge or that his counsel had a meritorious objection to make.  "Failure to raise meritless objections is not ineffective

---

[8]     It also may have been based on his past dealings with the juveniles in question.

lawyering; it is the very opposite." *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994). Absent a showing that counsel failed to raise a meritorious objection and that the outcome would have been different, Garcia fails to demonstrate deficient performance or actual prejudice. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) ("Counsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim.") (quoting *Smith v. Puckett*, 907 F.2d 581, 585 n.6 (5th Cir. 1990), *cert. denied*, 498 U.S. 1033 (1991)); *Lavernia v. Lynaugh*, 845 F.2d 493, 499 (5th Cir. 1988) ("Counsel cannot be faulted for failing to pursue meritless motions.") (citations omitted); *Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir. 1984) ("Counsel is not required to engage in the filing of futile motions.").

Absent a showing that Officer Running offered improper expert witness testimony, or that his counsel had a valid objection to make on this ground, Garcia fails to show that his counsel's performance was deficient. Because Garcia fails to establish deficient performance, he does not demonstrate a valid claim for ineffective assistance of counsel. It follows that Garcia fails to show that the state habeas corpus court's decision to reject this claim was contrary to, or involved an unreasonable application of clearly established precedent.

Garcia contends further that his counsel was deficient because he should have cross-examined Officer Running by introducing a police offense report into evidence, which reportedly showed that no charges were ever filed in the burglary case due to lack of evidence. (*Memorandum*, Doc. # 3, at 13). Garcia references an HPD Offense Report #77417601B, which reportedly shows that there was one adult and one juvenile as possible

suspects.  (*See id*.).  According to Garcia, that offense report also reportedly reflects that the burglary case was "inactive due to lack of evidence" and that the state was "unable to file charges on any suspect."  (*See id*.).  The offense report referenced by Garcia are not in the record.[9]

With respect to Garcia's claim that police offense reports should have been placed in evidence, Melamed explained in his affidavit that, in his experience, there is normally no benefit to offering a police offense report into evidence at trial:

> The police offense report often contains information that would normally not be admissible in trial.  This information could include prior convictions and arrests of a defendant, hearsay statements which inculpate a defendant, or unrecorded oral statements of a defendant which might indicate guilt.  Most prosecutors would love to admit the offense report in evidence for this reason. Generally, most information in a police offense report never benefits the defendant and would often lead to a conviction based on inadmissible information. . . .

*Ex parte Garcia*, No. 61, 795-01 at 87.  Melamed elaborated that, while he would not introduce a police offense report into evidence, he would use such a report to impeach a police officer's testimony if appropriate.  *See id*.  The state habeas corpus court found that Melamed reviewed the police offense report at issue and made a "reasonable strategic decision not to attempt to introduce the police offense report into evidence at trial [in Garcia's case]."  *Id*. at 119.

---

[9]     According to Garcia, he presented a copy of HPD Offense Report #077417601B with a response filed in the Fourteenth Court of Appeals in appellate case no. 14-02-00993-CR. That exhibit is not among the state court records before this Court.

The state habeas corpus court rejected Garcia's claim that counsel was deficient for failing to introduce the offense report into evidence at trial.  Garcia does not show that the state habeas corpus court's findings and conclusions are unreasonable.  In that regard, Garcia does not demonstrate that counsel made an unwise decision regarding whether to admit the police burglary offense report into evidence.  The police offense reports referenced by Garcia are not in the record.  (*Memorandum*, Doc. # 3, at 17-19) (referencing the offence reports for the aggravated assault, Offense Report # 077388001R, and the burglary, Offense Report # 077417601B).  The record reflects that Garcia's counsel lodged objections to Officer Running's testimony where appropriate and that counsel specifically questioned the officer on cross-examination about his lack of personal knowledge about the actual stabbing and the events leading up to it.  Garcia does not demonstrate that his defense would have benefitted from the introduction of police offense reports in this case.  Thus, Garcia fails to show that his counsel's decision was deficient or that his strategy was so ill chosen that the rest of his trial was rendered unfair.  Accordingly, Garcia has failed to establish that his counsel's performance was deficient.

### b.    Prejudice

Even assuming that counsel was somehow deficient for failing to object to Officer Running's testimony about the juvenile burglary suspects, or that counsel was somehow deficient for failing to introduce in evidence or to cross-examine Officer Running about the contents of the police report, Garcia does not demonstrate actual prejudice in this instance. To establish actual prejudice in the context of an ineffective-assistance claim, a "defendant

must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.   A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Garcia does not meet that standard in this case.

Garcia suggests that he was prejudiced by his counsel's failure to object to Officer Running's testimony about the juvenile burglary suspects, and his counsel's failure to introduce a police offense report for the burglary to show that no one was ever charged in connection with that incident, because his counsel failed to impeach Officer Running's credibility on this issue.  That no one was ever charged with the burglary does not alter the fact that Garcia assaulted Seals with a deadly weapon.  Garcia does not dispute that he did so.  Instead, Garcia appears to argue that he was justified because he believed that Seals had burglarized his apartment.  Officer Running conceded that he was not present when the assault occurred and it is obvious he was not present during the burglary.  His credibility regarding the outcome of the burglary investigation does not detract from the uncontested evidence, which showed beyond a reasonable doubt that Garcia committed aggravated assault in this instance by stabbing Seals with a knife.

Under these circumstances, Garcia does not demonstrate a reasonable probability that the result of his proceeding would have been different but for an error by his counsel.  Garcia does not demonstrate actual prejudice as the result of any failure to object to testimony by Officer Running or as the result of any failure to enter a police report into evidence for the purpose of impeaching the officer's credibility.  Accordingly, Seals does not show that the

state habeas corpus court's decision to reject this claim was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent.

### 3. Credibility of Sonia Watkins

Garcia also complains that his attorney was deficient for failing to challenge the credibility of State's witness, Sonia Watkins. Watkins, who was the girlfriend of Garcia's co-defendant, Eric Esparza, witnessed the assault and testified about what she saw that day. Garcia suggests that his attorney failed to adequately cross-examine Watkins about certain "incriminating" issues, such as her criminal record and her alcohol use on the day of the offense. The record, which shows that counsel did question Watkins about her record, refutes Garcia's allegation:

| | |
|---|---|
| DEFENSE COUNSEL: | Have you ever been convicted of a felony offense in this state or any other state? |
| WATKINS: | Yes, I have. |
| DEFENSE COUNSEL: | All right. Can you tell the jury what that is? |
| WATKINS: | I am on probation. It's a felony for possession of [a] controlled substance. |
| DEFENSE COUNSEL: | Is that here in Harris County? |
| WATKINS: | I went to – when I went to court, I went to this over here. So, yes, I guess. |
| DEFENSE COUNSEL: | You're on probation now? |
| WATKINS: | Yes, I am. |
| DEFENSE COUNSEL: | Okay. Now, you told us you had been drinking that day. Am I correct? |

21

WATKINS:                          Yes.

DEFENSE COUNSEL:          All right.  What had you been drinking?

WATKINS:                          Beer.

DEFENSE COUNSEL:          How many beers did you have?

WATKINS:                          I don't know.

DEFENSE COUNSEL:          More than a few?

WATKINS:                          Honestly, I don't know.  It was so long ago I don't remember how many beers I drank.

DEFENSE COUNSEL:          Okay.  Are you capable of drinking more than one beer at a time?

WATKINS:                          Yes.

DEFENSE COUNSEL:          Okay.  Were you doing drugs that day?

WATKINS:                          No.  I don't do drugs.

DEFENSE COUNSEL:          What are you on probation for?

WATKINS:                          For drugs.

DEFENSE COUNSEL:          But you don't do them?

WATKINS:                          Not since I have been on probation, no, I haven't.

DEFENSE COUNSEL:          Were you on probation at the time that this [incident] happened?

WATKINS:                          Yes, I was.

DEFENSE COUNSEL:          And you still are?

WATKINS:                          Yes.

*Court Reporter's Record*, vol. 5, at 91-93.   This record shows that Garcia's attorney adequately questioned Watkins about her criminal record and her alcohol consumption on the day in question.

Garcia also complains that his attorney's cross-examination was deficient because he did not develop a possible incentive for Watkins to testify falsely.   (Doc. #3, *Memorandum*, at 23).   In that regard, Garcia complains that Watkins had a "motive" to testify against him because she was not arrested or charged with violating her probation as a result of the incident.   (*See id*.).   It is clear from Watkins' testimony, however, that she did not participate in the assault.   As a witness who was merely present, the testimony does not reveal grounds for charging her with an offense or revoking her probation as Garcia suggests.   Therefore, Garcia fails to establish that this allegation of ineffectiveness has merit.

The state habeas corpus court implicitly rejected Garcia's claim concerning his counsel's cross-examination of Watkins.   Although the affidavit filed by Melamed at the state habeas corpus level addresses the adequacy of cross-examination generally, it does not address Garcia's specific allegation with regard to Watkins.   *See Ex parte Garcia*, No. 61,795-01 at 87.   The state habeas corpus court concluded, nevertheless, that Garcia failed to demonstrate that his attorney's conduct fell below what was reasonably required.   *See id*. at 119.   A review of the record, as outlined above, does not disclose a deficiency in the way Garcia's counsel cross-examined Watkins or any other witness.   Likewise, Garcia does not establish that he suffered actual prejudice as the result of any shortcoming on his counsel's

part.   Absent a showing of deficient performance and actual prejudice, Garcia does not

establish that he was denied effective assistance of counsel in this instance.

### 4.   Jury Instruction on Defense of Property

Garcia complains that his attorney was deficient for failing to request a jury

instruction on the defense of "protection of one's own property" or defense of property.

(Doc. #3, *Memorandum*, at 20-21).   In his affidavit to the state habeas corpus court,

Melamed explains that he did not request a jury instruction on the defense of property

because he did not believe one was warranted under the facts in evidence:

> Mr. Garcia also claims that I failed to request that the trial court instruct the jury on the defense of property.  During the charge conference, I reviewed the trial court's proposed jury instructions which contained a self-defense charge. During the conference, I requested that the trial court include an instruction on the defense of [a] third party, which the trial court granted.  However, I did not request a charge on defense of property.  Although I presently do not have complete recollection of every aspect of this trial, I can state that I do not recall receiving any information from my client or from any other source which indicated that the complainant was stealing anything from Mr. Garcia's apartment.  Additionally, after reviewing the appellate record, there was no evidence to suggest that the complainant had ever taken or attempt[ed] to take any of Mr. Garcia's property.

> Mr. Garcia's version [of the events] was that the complainant was in Mr. Garcia's apartment when he arrived and that he believed that the complainant was reaching for a weapon when Mr. Garcia stabbed the complainant.  I believed that Mr. Garcia's version supported self-defense and a defense of third party charges, even though Mr. Garcia never testified at trial.  Since I do not recall ever being made aware of information indicating the complaint taking or attempting to take things from Mr. Garcia's apartment, then I likely did not request a defense of property charge on that basis.

*Ex parte Garcia*, No. 61,795-01 at 88.  Based on Melamed's affidavit, the state habeas corpus court found that counsel "made the reasonable strategic decision not to request a jury instruction on the defense of property." *Id*. at 119.

Garcia does not point to any evidence in the record that suggests he was acting in defense of his property when he assaulted the victim; nor does the transcript disclose any testimony that would have justified a jury instruction on this issue.  Garcia does not establish that his counsel was deficient for failing to request a jury instruction on the defense of property or that he was actually prejudiced as a result.  Accordingly, Garcia has failed to demonstrate a valid claim for ineffective assistance of counsel on this issue.

### 5.    Motion for New Trial

Garcia complains that his attorney was deficient for failing to file a motion for new trial on his behalf.  In his affidavit to the state habeas corpus court, Melamed explains that he was appointed to represent Garcia and that, in the course of that appointment, he filed a notice of appeal on his client's behalf.  *See Ex parte Garcia*, No. 61,795-01 at 89.  Melamed conceded that he did not file a motion for new trial, but explains that he did not do so because he was not aware of any factual or legal basis for one.  *See id*.  Based on Melamed's affidavit, the state habeas corpus court found that counsel was not deficient because he "saw no factual or legal basis upon which to file a motion for new trial on [Garcia's] behalf."  *Id*. at 119.

Garcia does not articulate any claim that his counsel could have, but did not, present in a motion for new trial.  The Fifth Circuit has made clear that conclusory ineffective-

assistance claims of this type do not merit federal habeas corpus relief.  *See, e.g.*, *Collier v. Cockrell*, 300 F.3d 577, 587 (5th Cir. 2002) ("This Court has made clear that conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding.") (citing *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000)), *cert. denied*, 537 U.S. 1084 (2002); *Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998) ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue."); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (holding that the petitioner's conclusory allegations failed to establish a valid ineffective assistance of counsel claim).  Garcia fails to demonstrate that his attorney was deficient for failing to file a motion for new trial, or that he was actually prejudiced as a result.  Accordingly, he is not entitled to relief on this claim.

In summary, based on this record, Garcia fails to show that his counsel's performance was deficient or that he was actually prejudiced as a result.  It follows that Garcia has failed to demonstrate a valid claim for ineffective assistance of counsel and that he has further failed to show that the state court's decision to reject this claim was contrary to, or involved an unreasonable application of, the *Strickland* standard.  Accordingly, Garcia is not entitled to relief under 28 U.S.C. § 2254(d) on any of his allegations of ineffective assistance.

## B.    Prosecutorial Misconduct

Garcia complains that the prosecutor engaged in misconduct by sponsoring or failing to correct the above-referenced "false" testimony from Seals and the so-called "opinion" testimony by Officer Running.  The state habeas corpus court concluded that Garcia's claim

of prosecutorial misconduct was procedurally barred because he failed to raise this issue on direct appeal.  *See Ex parte Garcia,* No. 61,795-01 at 118 (citing *Ex parte Townsend,* 137 S.W.3d 79, 81 (Tex. Crim. App. 2004)).  Noting that the state habeas corpus court rested its decision on a state procedural rule, the respondent argues that Garcia's prosecutorial misconduct claim is likewise barred from federal habeas corpus review by the doctrine of procedural default.  In the alternative, the respondent argues that Garcia's claim is without merit.  These arguments are addressed in turn.

### 1.    Procedural Default

Garcia concedes that he did not raise a claim of prosecutorial misconduct on direct appeal and that a procedural default occurred.  (Doc. # 3, *Memorandum*, at 9, 14).  "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  "This doctrine ensures that federal courts give proper respect to state procedural rules." *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997), *cert. denied*, 523 U.S. 1125 (1998); *see also Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (explaining that the cause and prejudice standard is "grounded in concerns of comity and federalism"); *Coleman*, 501 U.S. at 750 (recognizing "the important interest in finality served by state procedural rules,

and the significant harm to the States that results from the failure of federal courts to respect them").

Garcia does not demonstrate that the fundamental-miscarriage-of-justice exception applies in this case.[10]   Accordingly, federal habeas corpus review of the merits of his defaulted claims depends on whether he can demonstrate cause and actual prejudice for his failure to present his claims properly on state habeas corpus review.  The Supreme Court has explained that "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Coleman*, 501 U.S. at 753 (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).  "Examples of external impediments include active government interference or the reasonable unavailability of the factual or legal basis for the claim." *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir.), *cert. denied*, 520 U.S. 1267 (1997).  Actual prejudice requires a showing that, based on the success of the underlying defaulted claim, the result of the proceeding would somehow have been different. *See Barrientes v. Johnson*, 221 F.3d 741, 769 (5th Cir. 2000), *cert. dism'd*, 531 U.S. 1134 (2001) (citing *Strickler v. Green*, 527 U.S. 263, 119 S. Ct. 1936, 1952 (1999)).

---

[10]   A fundamental miscarriage of justice may be found if the petitioner can show that he is actually innocent of the crime of which he was convicted. *See Sawyer v. Whitley*, 505 U.S. 333, 339 (1992). A petitioner who claims that he is actually innocent of the underlying crime must show that, based on reliable evidence not presented at trial by reason of a constitutional violation, it is more likely than not that no reasonable juror would have convicted him in light of the new evidence. *See House v. Bell*, — U.S. —, 126 S. Ct. 2064, 2076-77 (2006); *Calderon v. Thompson*, 523 U.S. 538, 559 (1998); *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Garcia attempts to show cause by blaming his trial counsel for the procedural default. (Doc. # 3, *Memorandum*, at 9-10, 14).  The testimony that Garcia takes issue with is set forth above in connection with the discussion of Garcia's claims for ineffective assistance of counsel.  As noted above, Garcia complains that his trial counsel failed to object to misleading testimony from Lorenzo Seals and Officer Running that forms the basis for his prosecutorial misconduct claim.  Garcia argues, therefore, that his trial counsel failed to preserve error for appeal and that his procedural default should be excused because his attorney was ineffective.

Ineffective assistance of counsel can constitute cause in certain circumstances.  *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (citing *Murray v. Carrier*, 477 U.S. 478, 488-489 (1986)).  Not just any deficiency in counsel's performance will do, however; the assistance must have been so ineffective as to violate the Federal Constitution. *Id*. In other words, ineffective assistance adequate to establish cause for the procedural default of some other constitutional claim is itself an independent constitutional claim.  *Id.*  As discussed in more detail above, Garcia has failed to demonstrate a valid claim for ineffective assistance of counsel.   Accordingly, the alleged shortcomings by his counsel cannot constitute cause in this instance.

Garcia alleges no other facts showing that cause exists to excuse his default.  To the extent that Garcia represents himself in this matter, it is well established that neither indigence nor *pro se* status constitutes cause for a petitioner's procedural default.  *See, e.g., McCowin v. Scott*, 67 F.3d 100, 102 (5th Cir. 1995) (recognizing that a petitioner's *pro se*

status is not an objective external factor which qualifies as cause for failure to raise a claim) (citing *Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992)).  Garcia points to no other objective factor external to his defense which prevented his compliance with state procedure. Likewise, for reasons set forth briefly below, Garcia fails to demonstrate actual prejudice by establishing that his claim is valid.  The Court concludes therefore that Garcia's prosecutorial misconduct claim is barred from federal habeas corpus review by the doctrine of procedural default.  Alternatively, Garcia fails to establish that he is entitled to federal habeas corpus relief because his claim is without merit.

### 2.     Garcia's Claim is Without Merit

The respondent argues that Garcia's claim is without merit because he cannot establish that his trial was tainted by prosecutorial misconduct.  The standard for granting habeas relief because of prosecutorial misconduct is "the narrow one of due process, and not the broad exercise of supervisory power." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). In this instance, Garcia complains that the prosecutor engaged in misconduct by sponsoring false testimony from Lorenzo Seals and Officer Running.  The State denies a criminal defendant due process when it knowingly uses perjured testimony at trial or allows untrue testimony to go uncorrected.  *Giglio v. United States*, 405 U.S. at 153; *Napue v. Illinois*, 360 U.S. 264, 269 (1959); *Faulder v. Johnson*, 81 F.3d 515, 519 (5th Cir.), *cert. denied*, 519 U.S. 995 (1996). "To establish a due process violation based on the government's use of false or misleading testimony, the defendant must show (1) that the witness's testimony was actually false, (2) that the testimony was material, and (3) that the prosecution knew the witness's

testimony was false." *Fuller v. Johnson*, 114 F.3d 491, 496 (5th Cir.) (citing *Giglio*, 405 U.S. at 153-54), *cert. denied*, 522 U.S. 963 (1997).

As discussed previously, Garcia claims that Seals's testimony about his injuries contradicted the medical records and that Officer Running offered an opinion about the burglary that conflicted with a police offense report. Garcia has failed to show that either Seals or Officer Running gave false or misleading testimony or that the State failed to correct any testimony that it knew was untrue. To the extent that there was any discrepancy between the testimony given by Seals and the medical records, or between the testimony given by Officer Running and a police offense report, Garcia fails to establish that the discrepancy was material. Therefore, Garcia has failed to demonstrate a valid claim for prosecutorial misconduct in this instance.

### C.    Sufficiency of the Evidence

The respondent notes that some of Garcia's claims could be construed as those challenging the sufficiency of the evidence. The state habeas corpus court drew a similar inference from Garcia's state habeas application, but concluded that any challenge to the sufficiency of the evidence was not cognizable on post-conviction review. *See Ex parte Garcia*, No. 61,795-01 at 118 (citing *Ex parte Christian*, 760 S.W.2d 659, 660 (Tex. Crim. App. 1988)). Noting that the state court dismissed this claim for procedural reasons, the respondent argues that any challenge to the sufficiency of the evidence is barred by the doctrine of procedural default. Alternatively, the respondent argues that any sufficiency challenge is without merit.

Garcia has filed a reply to the respondent's answer, but he does not clarify whether he intends to challenge the sufficiency of the evidence on federal habeas corpus review or address the respondent's argument that such a claim is barred as the result of a procedural default.  (*Petitioner's Reply*, Doc. # 18).  Garcia apparently concedes that the claim is procedurally barred, and he makes no effort to demonstrate cause for his default or to show that he would suffer actual prejudice if that claim were not reviewed.  Accordingly, the Court agrees with the respondent that the claim is barred by the doctrine of procedural default. Alternatively, based on the state appellate court's review and its factual summary of the evidence presented in support of the guilty verdict, the Court concludes further that the record fails to disclose a valid claim concerning the sufficiency of the evidence.  *See Garcia v. State*, No. 14-02-00993-CR (Tex. App. — Houston [14th Dist.] Oct. 2, 2003, no pet.). Therefore, Garcia is not entitled to a federal writ of habeas corpus on this issue.

## IV.    CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be

taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner has stated a valid claim of the denial of a constitutional right. Therefore, a certificate of appealability will not issue.

## V.    <u>CONCLUSION AND ORDER</u>

Based on the foregoing, the Court **ORDERS** as follows:

1.     The petition for a writ of habeas corpus is **DENIED**, and this case is **DISMISSED** with prejudice.

2.     A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on **November 9, 2006.**

Nancy F. Atlas
United States District Judge